**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALLEN MORRIS,**

                **Petitioner,**          **9:13-cv-1441**
                                                        **(GLS/DJS)**

                **v.**

**BRANDON SMITH,**

                **Respondent.**
_____

## SUMMARY ORDER

Petitioner *pro se* Allen Morris commenced this proceeding pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus, on the grounds that: his conviction violates his right against double jeopardy; his counsel provided ineffective assistance subsequent to his arraignment; and certain evidence obtained was pursuant to an unlawful arrest. (Pet. ¶ 12, Dkt. No. 1.) In a Report-Recommendation and Order (R&R) dated July 29, 2015, then-Magistrate Judge Randolph Treece recommended that Morris's petition be denied. (Dkt. No. 19.) Pending are Morris's objections to the R&R. (Dkt. No. 26.) For the reasons that follow, the R&R is adopted in its entirety.[1]

---

[1] A recitation of the relevant facts, which are fully set forth in the R&R, (Dkt. No. 19 at 2-11), is omitted, given the parties' familiarity with them.

Before entering final judgment, this court reviews report and recommendation orders in cases that it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

Morris specifically objects to the R&R on the ground that his claim, raised for the first time in his objections, regarding his attempt to withdraw his guilty plea was not addressed. (Dkt. No. 26 at 4-5.) Because the petition controls the claims, and this claim was not raised in the petition, (Pet. ¶ 12), it was not before Judge Treece. Therefore, the failure to address it was not an abuse of discretion. *See Davis v. Herbert*, No. 00-CV-6691, 2008 WL 495316, at *1 (S.D.N.Y. Feb. 25, 2008) ("[U]pon review of a habeas petitioner's objections to a magistrate judge's report

2

and recommendation, the [c]ourt may not consider claims raised for the first time in the petitioner's objections-that is, claims not asserted in the petitioner's original and/or supplemental habeas petitions.")  Furthermore, at this late stage, this court will not grant Morris permission to amend the petition.

Morris also specifically objects to Judge Treece's recommendation regarding his claim that evidence was obtained pursuant to an unlawful arrest.  (Dkt. No. 26 at 4-5.)  Judge Treece found that this claim was unexhausted and, thus, procedurally defaulted.  (Dkt. No. 19 at 18.)  In addition, Judge Treece determined that Morris did not show any legal cause for the default, nor did he allege that he is actually innocent, such that he can overcome the default. (Dkt. No. 19 at 19-20.)  In his petition, Morris failed to identify any objective external factor that would be sufficient legal cause.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 2000).  Thus, Judge Treece did not err by concluding that Morris failed to overcome his procedural default.  Morris also failed to argue actual innocence in his petition, and the court declines to evaluate that argument for the first time now.  *See Davis v. Herbert*, 00-CV-6691 at *1.

3

Morris's remaining arguments do not properly object to a specific element of the R&R, and thus are general objections and reviewed only for clear error. Finding no clear error in the R&R, the court adopts Judge Treece's R&R in its entirety.

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Randolph Treece's July 29, 2015 Report and Recommendation (Dkt. No. 19) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Morris's petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that, because Morris has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue pursuant to 28 U.S.C. § 2253(c); and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 30, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge